# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENMARK DIAGNOSTICS, INC., a Delaware corporation,<br><br>Plaintiff<br><br>vs.<br><br>VIRONOVATIVE BV., a Dutch Limited Liability Company, *et al.*,<br><br>Defendants. | CASE NO. 14CV1140 BEN (JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket No. 28] |

Defendant ViroNovative BV ("ViroNovative") moves to dismiss portions of the first, third, fifth, seventh, and ninth claims of Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted. (Docket No. 28). ViroNovative asserts that declaratory Plaintiff Genmark Diagnostics, Inc., ("Genmark") has failed to sufficiently plead its claims for non-contributory and non-induced infringement of ViroNovative's patents. The Court disagrees and **DENIES** ViroNovative's Motion to Dismiss.

## BACKGROUND[1]

Genmark is a molecular diagnostics company that sells respiratory viral panels ("RVP products") used in the diagnosis of respiratory infections. (SAC ¶¶ 10-11).

---

[1] The facts are drawn from Plaintiff's SAC except where noted.

Genmark is involved in the development and commercialization of "proprietary electrochemical detection technology that enables fast, accurate and highly sensitive detection of up to 72 distinct bio-markers in a single sample." (SAC ¶ 10).

ViroNovative owns several patents on technology in the area of human metapneumovirus ("hMPV"), which is one of the viruses responsible for respiratory infections. (SAC ¶ 12). ViroNovative's technology is associated with the "isolation and detection of hMPV." (SAC ¶ 12). Defendant MedImmune, LLC ("MedImmune") is the co-assignee with ViroNovative of some of the patents. (SAC ¶ 13).

Genmark alleges that ViroNovative contacted Genmark in 2014 insisting that Genmark was infringing technology covered by ViroNovative's patents ("patents in suit")[2] and Genmark needed to obtain a license. (SAC ¶ 14). In April 2014, ViroNovative informed Genmark's management of the alleged infringement, gave a "take it or leave it" demand, and threatened to enforce the patents if Genmark did not agree to the proposed licensing terms. (SAC ¶ 15).

Genmark brought this action seeking a declaratory judgment that Genmark's products do not infringe any valid claims of the patents in suit (SAC, Prayer for Relief). Genmark alleges the claims of the patents in suit are invalid and that Genmark's products and conduct do not infringe the patents in suit, including contributory and induced infringement. (SAC ¶ 17).

The claims of non-contributory and non-induced infringement are at issue in this motion. ViroNovative moves to dismiss the portions of the first, third, fifth, seventh, and ninth claims for relief that allege non-contributory and non-induced

---

[2] U.S. Pat. No. 7,449,324 ("the '324 Patent"), entitled "Metapneumovirus strains and their use in vaccine formulations and as vectors for expression of antigenic sequences;" U.S. Pat. No. 7,531,342 ("the '342 Patent"), entitled "Metapneumovirus strains and their use in vaccine formulations and as vectors for expression of antigenic sequences;" U.S. Pat. No. 7,704,720 ("the '720 Patent"), entitled "Metapneumovirus strains and their use in vaccine formulations and as vectors for expression of antigenic sequences and methods for propagating virus;" U.S. Pat. No. 8,715,922 ("the '922 Patent"), entitled "Virus causing respiratory tract illness in susceptible mammals;" and U.S. Patent 8,722,341 ("the '341 Patent"), entitled "Metapneumovirus strains and their use in vaccine formulations and as vectors for expression of antigenic sequences." (SAC ¶ 14).

infringement for failure to state a claim upon which relief can be granted.

## DISCUSSION

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under Federal Circuit authority, direct infringement claims are not required to meet the pleading standard set forth in *Twombly* and *Iqbal* because the patentee need only meet the requirements of Form 18. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (finding direct infringement must be plead to the specificity of Form 18[3]). However, contributory and induced infringement claims are subject to *Twombly* and *Iqbal*. *Id.* at 1337 (finding the Form 18 pleading standard only applies to direct infringement and *Iqbal* plausibility standard applies to indirect infringement claims). Although neither party has cited the Court to any authority dictating the pleading standard for non-contributory and non-induced infringement in a declaratory judgment action, it seems reasonable to apply *Iqbal*'s plausibility standard given that standard applies to contributory and induced infringement claims.

///

---

[3] "Form 18 sets forth a sample complaint for direct patent infringement." *In re Bill of Lading*, 681 F.3d at 1334 (finding Form 18 controls to the extent its pleading standard conflicts with *Twombly* and its progeny).

However, finding the plausibility standard applies does not resolve this motion. The question the Court must answer is whether Genmark has stated a plausible claim for non-contributory and non-induced infringement. ViroNovative argues that Genmark's non-contributory and non-infringement claims are only plausible if Genmark explains its RVP products, explains the differences between its RVP products and the claims of the patents in suit, and identifies the elements of the patent claims that are allegedly not infringed. Genmark counters that it has plead all the information available to it without the benefit of ViroNovative's infringement contentions and ViroNovative is essentially asking it to plead every conceivable reason its products do not infringe.

The Court finds that Genmark need not plead the specificity that ViroNovative demands for two reasons. First, the pleading ViroNovative actually challenges is direct infringement, a claim ViroNovative does not challenge and concedes is not subject to the plausibility standard. Second, the detailed factual pleading ViroNovative demands fails to take into account that this is a declaratory action.

ViroNovative is attempting to impose, at a minimum, the plausibility pleading standard on direct infringement claims when, as ViroNovative concedes, only Form 18 compliance is required. Although the distinctions between Genmark's RVP products and the patents in suit are certainly relevant to the non-contributory and non-inducement claims, these facts go to direct infringement. ViroNovative is essentially demanding more factually detailed pleading of non-direct infringement than is required via the non-contributory and non-inducement claims. However, ViroNovative does not challenge Genmark's non-direct infringement claims in this motion and as explained below, Genmark has sufficiently plead it is not engaging in conduct that would give rise to indirect infringement.

Genmark brought this action seeking a declaration that it does not infringe ViroNovative's patents. The action was prompted by ViroNovative's charge that Genmark was infringing its patents and demands that Genmark pay for a license on

ViroNovative's terms. This is different from all the cases ViroNovative cites. Those cases address the required pleading for plaintiff patentees alleging contributory or induced infringement by an infringing defendant. Here, Genmark does not know every way ViroNovative believes Genmark is infringing to potentially counter in the SAC. Additionally, it is not clear that even if Genmark did know every alleged basis for ViroNovative's charge of infringement that Genmark would be required to plead the exact opposite to give ViroNovative notice of the claims against it. What ViroNovative demands for notice is that Genmark not only plead a negative — how Genmark does not infringe — but every negative — every conceivable way Genmark does not infringe, *i.e.* every distinction between Genmark's products and the patents in suit. ViroNovative demands too much when even the plausibility standard does not require "detailed factual allegations." *Twombly*, 550 U.S. at 555.

Genmark alleges that its importation, sale and offers to sell its RVP products do not infringe and that the products themselves do not infringe. Genmark also alleges it does not aid, encourage or cause its customers to use its RVP products in an infringing manner. ViroNovative criticizes these allegations for largely tracking the statutory language, but there is little more to plead without requiring Genmark to plead every conceivable distinction between its RVP products and the patents in suit.

## CONCLUSION

For the reasons stated above, ViroNovative's Motion to Dismiss Portions of Genmark's first, third, fifth, seventh, and ninth Claims for Relief of the SAC is **DENIED**. Defendants shall answer the SAC on or before March 16, 2015.

**IT IS SO ORDERED.**

DATED: February 25, 2015

_____
Hon. Roger T. Benitez
United States District Judge